UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB ALAN SEIGER,<br><br>Defendant. | NO: 1:14-CR-2044-TOR<br><br>ORDER REGARDING PRETRIAL MOTIONS |

BEFORE THE COURT are Defendant's Motion for Disclosure of Evidence under Rules 404(b) and 609 (ECF No. 24), Motion for Discovery (ECF No. 25), Motion for Discovery Re: CI (ECF No. 27), Motion to Exclude Convictions under FRE 609 (ECF No. 31), and Motion for Separate Trial on Count 7 (ECF No. 32). Hearings were held on these matters on September 23, 2014 and November 12, 2014, in Yakima, Washington. The United States was represented by Benjamin D. Seal. Defendant was represented by Alexander B. Hernandez, III. At the first of these hearings, the Court orally denied the discovery motions with leave to renew. See ECF No. 40. The Court took the Rule 609 and severance issues under

ORDER REGARDING PRETRIAL MOTIONS ~ 1

advisement. *Id*. At the second hearing on these matters, the Court confirmed that all discovery issues had been resolved and that there were no outstanding issues, except the Rule 609 and severance issues.

**Rule 609 (ECF No. 31)**

Defendant seeks to preclude the government from impeaching him, if he testifies, with his prior felony convictions for possession of controlled substances, heroin and cocaine, second degree burglary (2011), and third degree assault (2011). In the alternative, Defendant seeks to sanitize his convictions, stipulating that he is a convicted felon.

The Government contends all these felonies are admissible and relevant to his veracity, should he testify.

If a defendant testifies at trial, under Federal Rule of Evidence 609(a)(1), a defendant may be impeached with any felony conviction if the government meets its burden to show that the probative value outweighs the prejudicial effect to a defendant. Fed. R. Evid. 609(a)(1); *United States v. Hendershot*, 614 F.2d 648, 653 (9th Cir. 1980). A district court should consider the following factors in making this determination: "(1) the impeachment value of the prior crime; (2) the temporal relationship between the conviction and the subsequent history of the defendant; (3) the similarity between the prior offense and the offense charged; (4) the importance of the defendant's testimony; and (5) the centrality of the

ORDER REGARDING PRETRIAL MOTIONS ~ 2

credibility issue." *United States v. Bagley*, 772 F.2d 482, 487 (9th Cir. 1985) ("[T]he question of the truth or falsity of a witness's statement generally is not advanced in any way by a showing of his prior conviction of the crime of burglary or theft, unless issues of credibility are otherwise directly involved.").

Here, the factors weigh in favor of excluding evidence of Defendant's prior convictions for possession of controlled substances. Because the instant case involves conspiracy and distribution of heroin, evidence of prior drug possession would prejudicially infer that since Defendant possessed drugs in the past, it is more likely he is guilty of these drug crimes. That would be an impermissible use of the evidence. Absent an affirmative misrepresentation of Defendant's character or false testimony as to his prior criminal record, the Court will exclude reference to these convictions. *See Bagley*, 772 F.2d at 488.

However, "criminal defendants are not entitled to a false aura of veracity when they take the stand." *United States v. Portillo*, 633 F.2d 1313, 1322 (9th Cir. 1980). When an accused elects to testify, "his credibility may be impeached, his testimony may be assailed, and is to be weighed as that of any other witness." *Id*. (quoting *Reagan v. United States*, 157 U.S. 301, 305 (1895)). If he testifies, Defendant's credibility will be a central issue in the case and it likely that his testimony will be highly important to the case, so factors (4) and (5) have more weight. Likewise, factors (1), (2), and (3) weigh in favor of admission; burglary

and felony assault, like all felonies, can be probative of veracity, they are not temporally too distant in time (both were incurred in 2011), and they are dissimilar to the instant crimes, thus, their use will not be unfairly prejudicial. Accordingly, after balancing all of the factors, the Court denies Defendant's request to exclude evidence of his prior convictions for second degree burglary and third degree assault for impeachment purposes.

The scope of inquiry into prior convictions is limited. "[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *United States v. Sine*, 493 F.3d 1021, 1036 n. 14 (9th Cir. 2007) (quoting *United States v. Rubio*, 727 F.2d 786, 797 n. 5 (9th Cir. 1983)). Generally, "only the prior conviction, its general nature, and punishment of felony range [are] fair game for testing the defendant's credibility." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (citation omitted) (inferring that the length of the sentence is not admissible unless defendant opens the door by trying to explain away or otherwise minimize his conviction).

If Defendant testifies, the Court will give Ninth Circuit model jury instruction 4.6. This instruction will direct the jury to consider the prior conviction as it bears on believability and not as evidence of Defendant's guilt on the crimes at issue in this case.

**Severance of Count 7 (ECF No. 32)**

Defendant seeks a separate trial on count 7 of the Indictment, the felon in possession of a firearm count. He contends that introduction of his prior felony convictions would be prejudicial to a fair trial on the remainder of the charges.

The Government opposes severance, contending that joinder would not be manifestly prejudicial in this case.

Federal Rule of Criminal Procedure 14(a) states that the Court may order separate trials of counts "if the joinder of offenses . . . in an indictment . . . or a consolidation for trial appears to prejudice a defendant . . ." A party seeking severance must show that joinder was "so manifestly prejudicial that it outweigh[ed] the dominant concern with judicial economy and compel[led] the exercise of the court's discretion to sever." *United States v. Lopez*, 477 F.3d 1110, 1116 (9th Cir. 2007) (*citing United States v. Lewis*, 787 F.2d 1318, 1321, *as amended by* 798 F.2d 1250 (9th Cir. 1986)). Manifestly prejudicial means "of such magnitude that the defendant's right to a fair trial was abridged." *Lopez*, 477 F.3d at 1116 (*citing Lewis*, 787 F.2d at 1321).

By severing count 7, the Court will avoid any prejudicial negative inference the jury may draw from the fact that Defendant is a felon. It will also preserve Defendant's option to testify or not. Indeed, using Defendant's felony status would seem to violate the rule that he should be tried for what he did, not for who

he is. Defendant's status is not relevant to whether or not he participated in a drug conspiracy or distributed heroin, nor is it relevant to whether he possessed a firearm in furtherance of a drug trafficking crime. On the other hand, the firearm is relevant to possession of drugs for distribution. *United States v. Fagan*, 996 F.2d 1009, 1015 (9th Cir. 1993) ("firearms are relevant and admissible to prove the defendant's involvement in the drug trade and intent to distribute."); *United States v. Carrasco*, 257 F.3d 1045, 1048 (9th Cir. 2001) ("[E]vidence of narcotics trafficking may be properly admitted to show knowing possession of a weapon.") (*quoting United States v. Butcher*, 926 F.2d 811, 816 (9th Cir. 1991)).

Accordingly, Count 7 is severed from the remaining counts for trail. Count 7 will be scheduled for trial at the conclusion of the trial on the remaining counts.

Accordingly, IT IS HEREBY ORDERED:

1. Defendant's Motion for Disclosure of Evidence under Rules 404(b) and 609 (ECF No. 24) is **DENIED** as moot, with leave to renew.

2. Defendant's Motion for Discovery (ECF No. 25) is **DENIED** as moot, with leave to renew.

3. Defendant's Motion for Discovery Re: CI (ECF No. 27) is **DENIED** as moot, with leave to renew.

4. Defendant's Motion to Exclude Convictions under FRE 609 (ECF No. 31) is **GRANTED** in part and **DENIED** in part.

1  5. Defendant's Motion for Separate Trial on Count 7 (ECF No. 32) is
2  **GRANTED**.  Count 7 will be scheduled for trial at the conclusion of the trial on
3  the remaining counts.

4  The District Court Executive is directed to enter this order and provide
5  copies to counsel.

6  **DATED** December 3, 2014.



THOMAS O. RICE
United States District Judge

ORDER REGARDING PRETRIAL MOTIONS ~ 7