UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JACOB ALAN SEIGER,<br><br>　　　　　　　　　　Defendant. | NO. 1:14-CR-2044-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's *Pro Se* Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A).  ECF No. 94.  This matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

On December 9, 2014, Jacob Alan Seiger appeared before the Court and entered a plea of guilty to Count 2 of the Indictment filed on May 13, 2014,

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

charging him with Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 53, 54.

On October 23, 2018, this Court sentenced Defendant to a 156-month term of imprisonment, followed by a 3-year term of supervised release, a $1,000 fine, and a $100.00 special penalty assessment. ECF No. 78. Defendant had been detained since his arrest in May 2014 and was remanded to the custody of the United States Marshal to begin service of his sentence. According to the Bureau of Prisons, Defendant is currently scheduled for release on October 2, 2025.

On January 5, 2023, Defendant submitted a request for compassionate release to the warden of the facility where he was incarcerated. ECF No. 94-2. According to Defendant, he never received a response to his request. ECF No. 94 at 3.

On May 1, 2023, Defendant filed the instant Motion for Compassionate Release. ECF No. 94. Defendant requests the Court to reduce his sentence to time served. ECF No. 94-1. He explains that three of his drug possession charges have been expunged and that he is participating in RDAP. *Id*. He also alleges that his "health concerns are not being seen to in a professional manner." *Id*. He provides no further information on this subject other than to say that he is a recovering opiate addict and absolutely requires medicine.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 2

# DISCUSSION

## A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The

statute and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. 18 U.S.C. § 3582(c)(1)(A) (as to second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide *guidance* on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases) (emphasis added). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 4

years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, cmt. n.1.

Most recently, the Ninth Circuit has held "that the current version of U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). According to the Ninth Circuit, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. Thus, "district courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id*. (agreeing with and quoting decisions of Second and Fourth Circuits).

**B. Exhaustion or Lapse of 30 days**

Defendant has exhausted his administrative remedies. He submitted requests for compassionate release to the Warden more than 30-days prior to filing his motion.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 5

### C. Extraordinary and Compelling Reasons

Defendant, now age 32, reasons that three of his drug possession charges have been expunged and that he is participating in RDAP. He also alleges that his "health concerns are not being seen to in a professional manner." He argues that the "legal landscape" has changed and that he received a severe and excessive sentence.

In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

### D. Factors under 18 U.S.C. § 3553(a)

Defendant claims that he is being rehabilitated. Rehabilitation is not alone an extraordinary and compelling circumstance for release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Defendant's life long criminal history shows that he does pose a risk of recidivism (despite the expungement of simple drug possession charges) and he has been addicted to heroin.

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement—
    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 7

(7) the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court accepted the Parties agreed sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) for a term of incarceration for 156-months. ECF No. 53 at 6-7. Defendant also waived his right to appeal his conviction and sentence. *Id.* at 8. Considering all the sentencing factors, the Court accepted the parties' agreement as sufficient but not greater than necessary to comply with the purposes and goals of sentencing.

Once again, the Court has fully considered these factors in light of the information Defendant recently provided. Of particular note is the nature and circumstances of the offense in this case. This was not a simple, one-time event, Defendant was involved in repeated drug distribution over a period of time. Defendant also possessed multiple firearms. Defendant has used illegal controlled substances since he was 13 or 14 years old.

The Court is obligated to protect the public from defendant's serious, dangerous and devastating conduct. The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct. Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the

1  purposes of sentencing.

2  Successful rehabilitative activities are commendable, but do not alone

3  warrant early release.  28 U.S.C. § 994(t).  Considering the totality of all the facts,

4  compassionate release is unwarranted.

**CONCLUSION**

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Compassionate Release, ECF No. 94, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED May 4, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 9