FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 14, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB ALAN SEIGER,<br><br>Defendant. | NO. 1:14-CR-2044-TOR<br><br>THIRD ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's *Pro Se* Motion for Reduction of Sentence. ECF No. 101. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

On December 9, 2014, Jacob Alan Seiger appeared before the Court and entered a plea of guilty to Count 2 of the Indictment filed on May 13, 2014, charging him with Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 53, 54.

1    On October 23, 2018, this Court sentenced Defendant to a 156-month term
2    of imprisonment, followed by a 3-year term of supervised release, a $1,000 fine,
3    and a $100.00 special penalty assessment.  ECF No. 78.  Defendant had been
4    detained since his arrest in May 2014 and was remanded to the custody of the
5    United States Marshal to begin service of his sentence.  According to the Bureau of
6    Prisons, Defendant is currently scheduled for release on January 31, 2026.
7    On January 5, 2023, Defendant submitted a request for compassionate
8    release to the warden of the facility where he was incarcerated.  ECF No. 94-2.
9    According to Defendant, he never received a response to his request.  ECF No. 94
10   at 3.  Thereafter, on May 1, 2023, Defendant filed a Motion for Compassionate
11   Release.  ECF No. 94.  Defendant requested the Court to reduce his sentence to
12   time served.  ECF No. 94-1.  He explained that three of his drug possession
13   charges had been expunged and that he is participating in RDAP.  *Id*.  He also
14   alleged that his "health concerns are not being seen to in a professional manner."
15   *Id*.  He provided no further information on this subject other than to say that he is a
16   recovering opiate addict and absolutely requires medicine.
17   On May 4, 2023, the Court entered an Order Denying Defendant's Motion to
18   Reduce Sentence.  ECF No. 95.
19   Defendant then filed another Motion for Compassionate Release and Motion
20   for Counsel.  ECF No. 98.  Plaintiff's Motion for Compassionate Release was not

THIRD ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE ~ 2

signed. Plaintiff alleges he exhausted his administrative remedies by requesting release, ECF No. 98, Ex. 1, but this is the same request he made to support his last request, which was denied. The Court entered a Second Order Denying Defendant's Motion to Reduce his Sentence. ECF No. 99.

Defendant now reiterates that some of his criminal history points have been reduced and is seeking a reduced sentence. ECF No. 101. Defendant acknowledges that he entered into a binding Rule 11(c)(1)(C) plea agreement which did not allow him to withdraw or appeal and which precluded him from attacking his conviction or sentence. *See* ECF No. 53 (Plea Agreement).

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. 18 U.S.C. § 3582(c)(1)(A) (as to second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

The Sentencing Commission has recently updated its policy statement on sentence reduction. U.S.S.G. Guidelines Manual, effective Nov. 1, 2023. The sentence reduction policy statement now outlines six categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) Medical Circumstances of the Defendant; (2) Age of the Defendant;

(3) Family Circumstances of the Defendant: (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence. U.S.S.G. § 1B1.13, eff. Nov. 1, 2023.

According to the Ninth Circuit in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), "district courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id*. (agreeing with and quoting decisions of Second and Fourth Circuits).

### B. Exhaustion or Lapse of 30 days

Defendant has not shown that he exhausted his administrative remedies.

### C. Extraordinary and Compelling Reasons

Defendant, now age 33, argues that the Court relied on his criminal convictions for the sentence ordered in this case. He argues once again that his criminal history points have been reduced.

In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

### D. Factors under 18 U.S.C. § 3553(a)

Defendant's life long criminal history shows that he does pose a risk of recidivism (despite the expungement of simple drug possession charges) and he has been addicted to heroin.

THIRD ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE ~ 5

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed—
>     (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B)  to afford adequate deterrence to criminal conduct;
>     (C)  to protect the public from further crimes of the defendant; and
>     (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)  the kinds of sentences available;
> (4)  the kinds of sentence and the sentencing range established for—
>     (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>         (i)   issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>         (ii)  that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>     (B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5)  any pertinent policy statement—

THIRD ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE ~ 6

      (A)   issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
      (B)   that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
  (6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7)   the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court accepted the Parties agreed sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) for a term of incarceration for 156-months. ECF No. 53 at 6-7. Defendant also waived his right to appeal his conviction and sentence. *Id*. at 8. Considering all the sentencing factors, the Court accepted the parties' agreement as sufficient but not greater than necessary to comply with the purposes and goals of sentencing.

      Once again, the Court has fully considered these factors in light of the information Defendant recently provided. Of particular note is the nature and circumstances of the offense in this case. This was not a simple, one-time event, Defendant was involved in repeated drug distribution over a period of time. Defendant also possessed multiple firearms. Defendant has used illegal controlled substances since he was 13 or 14 years old.

      The Court is obligated to protect the public from defendant's serious, dangerous and devastating conduct. The sentence the Court imposed was

THIRD ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE ~ 7

1  "sufficient, but not greater than necessary," to comply with the purposes of
2  § 3553(a), including to reflect the seriousness of the offense, to promote respect for
3  the law, to provide just punishment for the offense and to afford adequate
4  deterrence to this criminal conduct.  Even with recent developments, the sentence
5  imposed remains sufficient but not greater than necessary to comply with the
6  purposes of sentencing.

## CONCLUSION

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Compassionate Release, ECF No. 101, is **DENIED**.

Defendant's request for appointed counsel is also **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties, including Defendant at FCI Sheridan.

DATED June 14, 2024.



THOMAS O. RICE
United States District Judge

THIRD ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE ~ 8