FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 24, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>JACOB ALAN SEIGER,<br><br>      Defendant. | NO. 1:14-CR-2044-TOR<br><br>FOURTH ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

  BEFORE THE COURT is Defendant's *Pro Se* Motion for Reduction of Sentence. ECF No. 107. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's motion is denied.

  On December 9, 2014, Jacob Alan Seiger appeared before the Court and entered a plea of guilty to Count 2 of the Indictment filed on May 13, 2014, charging him with Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 53, 54.

  On October 23, 2018, this Court sentenced Defendant to a 156-month term

1  of imprisonment, followed by a 3-year term of supervised release, a $1,000 fine,

2  and a $100.00 special penalty assessment.  ECF No. 78.  Defendant had been

3  detained since his arrest in May 2014 and was remanded to the custody of the

4  United States Marshal to begin service of his sentence.  According to the Bureau of

5  Prisons, Defendant is currently scheduled for release on January 31, 2026.

6       On January 5, 2023, Defendant submitted a request for compassionate

7  release to the warden of the facility where he was incarcerated.  ECF No. 94-2.

8  According to Defendant, he never received a response to his request.  ECF No. 94

9  at 3.  Thereafter, on May 1, 2023, Defendant filed a Motion for Compassionate

10 Release.  ECF No. 94.  Defendant requested the Court to reduce his sentence to

11 time served.  ECF No. 94-1.  He explained that three of his drug possession

12 charges had been expunged and that he is participating in RDAP.  *Id*.  He also

13 alleged that his "health concerns are not being seen to in a professional manner."

14 *Id*.  He provided no further information on this subject other than to say that he is a

15 recovering opiate addict and absolutely requires medicine.

16      On May 4, 2023, the Court entered an Order Denying Defendant's Motion to

17 Reduce Sentence.  ECF No. 95.

18      Defendant then filed another Motion for Compassionate Release and Motion

19 for Counsel.  ECF No. 98.  Plaintiff's Motion for Compassionate Release was not

20 signed.  Plaintiff alleges he exhausted his administrative remedies by requesting

FOURTH ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE ~ 2

1 release, ECF No. 98, Ex. 1, but this is the same request he made to support his last

2 request, which was denied.  The Court entered a Second Order Denying

3 Defendant's Motion to Reduce his Sentence.  ECF No. 99.

4      Defendant filed a third motion for reduction of sentence.  ECF No. 101.

5 That motion was denied.  ECF No. 102.

6      Defendant acknowledges that he entered into a binding Rule 11(c)(1)(C)

7 plea agreement which did not allow him to withdraw or appeal and which

8 precluded him from attacking his conviction or sentence.  *See* ECF No. 53 (Plea

9 Agreement).

10      A defendant may be eligible for compassionate release: (1) if the Court finds

11 "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the

12 defendant is at least 70 years old, has served at least 30 years in prison pursuant to

13 a sentence imposed for the offense for which the defendant is currently imprisoned,

14 and the defendant is determined not to pose a risk of danger to the community.  18

15 U.S.C. § 3582(c)(1)(A).  Under either eligibility prong, the Court must also find

16 that a sentence reduction is "consistent with applicable policy statements issued by

17 the [United States] Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The

18 statute and the Sentencing Guidelines instruct that the Court should consider the

19 sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for

20 compassionate release.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court

FOURTH ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE ~ 3

1  should not grant a sentence reduction if the defendant poses a risk of danger to the

2  community, as defined in the Bail Reform Act.  18 U.S.C. § 3582(c)(1)(A) (as to

3  second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

4        Defendant's life long criminal history shows that he does pose a risk of

5  recidivism (despite the expungement of simple drug possession charges) and he

6  has been addicted to heroin.

7        At the time of the original sentencing, the Court accepted the Parties agreed

8  sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) for a term of

9  incarceration for 156-months.  ECF No. 53 at 6-7.  Defendant also waived his right

10  to appeal his conviction and sentence.  *Id*. at 8.  Considering all the sentencing

11  factors, the Court accepted the parties' agreement as sufficient but not greater than

12  necessary to comply with the purposes and goals of sentencing.

13        Once again, the Court has fully considered these factors in light of the

14  information Defendant recently provided.  Of particular note is the nature and

15  circumstances of the offense in this case.  This was not a simple, one-time event,

16  Defendant was involved in repeated drug distribution over a period of time.

17  Defendant also possessed multiple firearms.  Defendant has used illegal controlled

18  substances since he was 13 or 14 years old.

19        The Court is obligated to protect the public from defendant's serious,

20  dangerous and devastating conduct.  The sentence the Court imposed was

FOURTH ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE ~ 4

1  "sufficient, but not greater than necessary," to comply with the purposes of

2  § 3553(a), including to reflect the seriousness of the offense, to promote respect for

3  the law, to provide just punishment for the offense and to afford adequate

4  deterrence to this criminal conduct. Even with recent developments, the sentence

5  imposed remains sufficient but not greater than necessary to comply with the

6  purposes of sentencing.

7  The Court declines to exercise its discretion to reduce Defendant's sentence

8  because extraordinary and compelling reasons do not warrant such a reduction.

9  **ACCORDINGLY, IT IS HEREBY ORDERED:**

10  Defendant's Motion for Compassionate Release, ECF No. 107, is **DENIED**.

11  The District Court Executive is directed to enter this Order and furnish

12  copies to the parties, including Defendant at the Leavenworth U.S. Penitentiary.

13  DATED June 24, 2025.



THOMAS O. RICE
United States District Judge

FOURTH ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE ~ 5